In the Matter of the Application of SAMUEL J. BROWN, Appellant, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.*

First Department, November 3, 1933.

---

* Affd., 264 N. Y. ——.

*Jules Jacobs*, for the appellant.

*Henry J. Shields* of counsel [*Thomas W. A. Crowe* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel,* attorney], for the respondent.

TOWNLEY, J.  Petitioner was appointed a public school teacher in the city of New York, December 18, 1911, and served as such until September 9, 1918.  Thereafter, the State of Connecticut, pursuant to the United States government war program, requested that petitioner be released on leave to conduct Americanization work in the State of Connecticut.  The board of education granted petitioner leave until March 28, 1919.  The work was not completed at that time and petitioner resigned April 1, 1919, to complete it.  On November 1, 1921, after the work had been completed, petitioner was reinstated as a teacher.  Petitioner did not withdraw his contributions to the pension fund during the period of absence.  There is no evidence of any intention to leave the service permanently.  On March 24, 1923, petitioner was advised by the defendant that he had been classified as " present-teacher " by the unanimous vote of the board.  On May 21, 1923, the change in rate of salary deduction to petitioner's salary from six and six-tenths per cent to two and six-tenths per cent was made.  Petitioner continued to teach.  On April 17, 1931, petitioner was advised that his status as " present-teacher " had been changed to that of " new-entrant " and the amount of deduction of his salary was increased from two and six-tenths per cent to sixteen and forty-five one-hundredths per cent.

Section 1092 of the Greater New York Charter (Laws of 1917, chap. 303) subdivisions (7) and (8), so far as applicable, read as follows:

" (7) ' Teacher ' shall mean  *  *  *  all regular and special teachers of the public day schools of the City of New York, and all employees of the board of education appointed to regular positions in the service of the public schools at annual salaries

and whose appointments were made or shall hereafter be made from eligible lists prepared as the result of examinations held by the board of examiners of the department of education.

" (8) ' Present-teacher ' shall mean any teacher employed in the public schools as a teacher on the first day of August, nineteen hundred and seventeen, or on leave of absence on said date."

It is conceded that petitioner was teaching on August 1, 1917, and accordingly was at that time a " present-teacher." The only question is whether under the circumstances of this case reinstatement after this technical resignation should be deemed a complete restoration to the status existing on August 1, 1917. We think that the resignation and reinstatement in this case must be taken as equivalent to a leave of absence since such was manifestly the intention of the parties. This view is in accord with the equitable disposition that has been made in similar cases. (See *Matter of Everitt* v. *Teachers' Retirement Board*, 135 Misc. 916; affd., 229 App. Div. 857; *Matter of Goldstein* v. *Teachers' Retirement Board*, 235 id. 668.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with fifty dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with fifty dollars costs. Settle order on notice.