In the Matter of the Application of MARION D. THOMAS, Petitioner, for a Mandamus Order against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, September 29, 1937.

*Jules Jacobs*, for the petitioner.

*Paul Windels, Corporation Counsel*, for the defendant.

PECORA, J.   This is an application for a peremptory mandamus made by a teacher in the public schools of the city of New York against the Teachers' Retirement Board of the City of New York. The purpose of the peremptory order is to compel the defendant to reclassify her as " present teacher " instead of the classification adopted by the board rating her as a " new entrant." This classification affects the petitioner's status as a contributor to the Teachers' Retirement System and involves her pension rights and privileges.   The petitioner was appointed a teacher in the public schools of the city of New York on March 1, 1895.   In 1915, at the age of forty-two, she applied for and was granted a maternity leave of absence from January 31, 1916, to January 31, 1918.   She applied for a further leave of absence to January 31, 1919, for the purpose of restoration to health, which was granted.   As she was informed by the school authorities that no further leave would be granted beyond January 31, 1919, and her health had not been sufficiently restored to enable her to return to the school system, she resigned at the expiration of her extended leave of absence. At the time petitioner was on leave the present comprehensive Teachers' Retirem nt Law was adopted in 1917.   That statute required teachers to make contributions of a percentage of their salary, which was accumulated for annuity purposes, to which accumulations the city added an equal amount for additions to the fund out of which to pay a retirement allowance to teachers under the conditions specified in the law.   Prior to 1917 there existed a law by virtue of which the teachers paid one per cent of their salary into a pension fund.   At the time of the passage of the 1917 act the old fund had been exhausted.   Provision, therefore, had to be made for the benefit of teachers then already in the system, who had not had the opportunity to make contributions to an annuity fund.   To such teachers special privileges were given by statute as against persons thereafter entering the retirement system. Distinction was thus made between a " present teacher," who, by definition (Greater N. Y. Charter, § 1092, subd. [8]), was defined as " any teacher employed in the public schools as a teacher on the first day of August, nineteen hundred and seventeen, or on leave of absence on said date," and a " new entrant " who was a teacher appointed after the effective date of the Teachers' Retirement Law. When that law became effective the petitioner was on leave of absence and consequently she was properly classified as a present

teacher. It does not appear, however, that she contributed to the retirement fund, for the simple reason that while away on such leave she received no salary.

On November 13, 1922, she was reappointed as a teacher upon her application and restored to her former seniority in rank, grade and salary. Presumably her restoration after resignation came by reason of the five-year rule then in existence, which permitted a resigned teacher to be reappointed without a new examination. Notwithstanding her reinstatement to her former rank and salary as a teacher, she was not classified by the retirement board as a " present teacher " but as a " new entrant." This classification was definitely made in 1931. The reason for this long delay does not appear in the papers. There seem to have been constant applications on her part thereafter or possibly prior thereto for the reclassification of her status to that of " present teacher," but they were of no avail. The importance of that classification to the petitioner is found in the fact that as such she would be allowed a pension equal to five per cent of the average salary multiplied by five-sevenths of the number of years of service prior to 1917, not exceeding twenty-five years. The purpose of this provision evidently was to give to present teachers a retirement allowance equal to that of new entrants of the same teaching experience notwithstanding the fact that they had had no opportunity to make contributions to the retirement fund prior to 1917. The result of such privilege is that present teachers upon retirement obtain a pension far in excess of the retirement allowance paid to new entrants of equal length of service. Furthermore, the actuarial calculations made a demand upon new entrants of a rate far in excess of that required of present teachers. Thus, in the instant case the petitioner was notified upon her return to service that a pension deduction from her salary would amount to 21.35 per cent of her salary annually. What her deduction would be as a present teacher does not appear, but a comparison cited in *Matter of Brown* v. *Teachers' Retirement Board* (239 App. Div. 178) gives some indication. I refer to it here because that case has been cited as an authority by both sides. In the *Brown* case the deduction from the salary of a present teacher, which had been 2.6 per cent, was raised to 16.45 per cent upon his reinstatement after resignation. The retirement board has definitely refused to change the petitioner's status from " new entrant " to " present teacher," and this peremptory mandamus is brought to compel the defendant to do so.

I pass over the charge of laches. The uncertainty as to the law and the frequent hearings and rehearings in the case, one as late as 1937, impel me to overrule that defense and to consider the

application on the merits. The petitioner urges that by the very definition of " present teacher " she is entitled to the status. I repeat the definition here in order to show that verbally and technically she is correct. The law says that " ' present teacher ' shall mean any teacher employed in the public schools as a teacher on the first day of August, nineteen hundred and seventeen, or on leave of absence on said date." She was undoubtedly on leave of absence on the 1st day of August, 1917. I must, however, interpolate in that definition an implied phrase that such present teacher must continue in her employment or else lose her status. If that implied reading is not adopted, a teacher employed in 1917 might have resigned and returned to the school system fifteen years later and claimed the status of present teacher by reason of technical definition, notwithstanding the fact that during the entire interval of absence from the school system he would have contributed not one cent to the retirement fund out of his salary. The reason which existed for the special favor granted by law to " present teachers " in 1917 would not exist in the case of a teacher re-entering the service in the hypothetical case which I have just specified. Furthermore, the very amendment of 1929 referred to in :he petition would seem to countenance such a limited construction of the term " present teacher." Chapter 440 of the Laws of 1929 adopted the following amendment to subdivision J of section 1092 of the Greater New York Charter (Teachers' Retirement Law): " 3. Any withdrawn contributor, who does not withdraw his contributions from the annuity savings fund, may, on again entering the membership as the result of reappointment or restoration to service, be entitled to the service credit and status to which he was entitled immediately prior to his withdrawal, provided that he returns to membership within a period of five years following such withdrawal, and further provided, that he has not been absent from service for more than five years during any ten consecutive calendar years since he became a contributor of the retirement system, and further provided that in computing his average salary for retirement purposes only the earnable salary for years of actual service shall be used."

That statute recognized that there might be reappointments or restorations to service of persons who would not be entitled to the privileges which they had at the time of their prior withdrawal from the system. The 1929 amendment was an act of grace in favor of persons who would resign and return to the school system within five years. The statute, however, did not open that privilege to all re-employed teachers, but only to those who had not withdrawn their contributions in the annuity savings fund. That fund is made up of contributions of the teachers from their salary. Upon their

resignation or death their estates are entitled to a refund of these accumulated contributions with interest compounded at the rate of four per cent. If a teacher resigned without withdrawing his contributions, the natural assumption would be that he intended his resignation to be only temporary and that he meant to return to the school system within the five-year period of grace allowed him for re-entering without a new examination. Otherwise there would be no reason for him to leave his contributions in the savings fund of the Teachers' Retirement System. Petitioner urges that, a she did not withdraw her contributions from the annuity savings fund, she is entitled to the benefits of her original status under the provisions of the amendment of 1929.

It is very doubtful in my mind whether that amendment is retroactive, and I shall not pass upon that phase because I do not think that petitioner qualifies under that provision, even if it is to be deemed retroactive. She says she withdrew no contributions after her resignation of 1919. The reason she did not is because it does not appear that she made any contributions under the new law during that period. The law went into effect while she was on a leave of absence, and the contributions of one per cent which she had previously made were under the old law, which had no provision for return of such contributions upon resignation or death. The *Brown* case (*supra*) is referred to as authority for granting her leave. There a public school teacher served as such from December 18, 1911, until September 9, 1918. He was granted a leave of absence at that time pursuant to the United States government war program until March 28, 1919. As the work was not completed at that time, he resigned on April 1, 1919. On November 1, 1921, after the work had been completed, he was reinstated upon his application. During the period of absence he did not withdraw his contributions. The facts in the case were held by the courts as warranting the inference that he had not intended to sever his relations with the school system, that his resignation was only a technical one, and he should be entitled to a complete restoration to the status existing on August 1, 1917, namely, that of " present teacher." No reference is made in the *Brown* case to the effect of the 1929 amendment as retroactive and applicable to this case. In the *Brown* case, it is to be observed, there must have been an actual contribution to the annuity fund by that petitioner, because on August 1, 1917, he was not on a leave of absence, but in active service for a year thereafter, and thus had made at least one year's contribution to the annuity savings fund which he did not withdraw. In the present case there was no such contribution. Notwithstanding, however, the presence of all the elements which would

have qualified Brown under the law of 1929, the Appellate Division refused to mention it. This might seem an indication that the court was not inclined to hold the law as retroactive.

There is, however, an element present in the case which might, as in the *Brown* case, sway the court to regard the petitioner's resignation in 1919 as merely a technical one and not one evidencing her intention to withdraw from the school system. That, however, I cannot determine upon the mere allegations and affidavits in the case. I believe that the petitioner is entitled to have the question of fact tried, as to whether her retirement in 1919 was merely a technical and temporary departure from the public school system. That matter may be determined upon the trial of the issues of fact on an alternative mandamus. The petition is granted to the extent of an alternative mandamus. The determination of the trial of the issues will show whether or not petitioner is entitled to a peremptory mandamus. Settle order.