In the Matter of the Application of CECILE KING, Petitioner, for an Order Directing the TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent, to Classify Her as a " Present Teacher."

Supreme Court, Special Term, New York County, October 19, 1938.

*Walter John King*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondent.

HOFSTADTER, J. This is an application under article 78 of the Civil Practice Act for an order directing the teachers' retirement board to classify the petitioner as a " present teacher " under section 1092 of the Greater New York Charter.▮

The petitioner was first appointed a teacher in the board of education in 1900. In 1918 she ostensibly resigned her position by a resignation absolute in form and withdrew her contributions in the retirement fund. After an interval in private business, the petitioner was reappointed in 1919 as a " new-entrant." In 1923, upon a request for reconsideration, the teachers retirement board adopted a resolution which purported to reclassify her as a " present teacher." This classification remained in effect until 1929, when an application for disability retirement was filed on behalf of the petitioner, and without her knowledge, by her brother. In acting upon this application the board retired the petitioner under the status of a " new-entrant."

In 1933, upon recovery from her disability, the petitioner was reinstated in the acting teaching service, likewise as a " new-entrant." Shortly thereafter her appeal to have her status changed to that of a " present teacher " was formally denied. Since that ruling, from time to time, informal negotiations were had with the respondents and finally in May, 1938, a formal application for reclassification was denied. This legal proceeding was then instituted.

At no time was a prior service certificate issued to the petitioner although she was actually classified as a " new entrant " both in 1929 when she was retired and in 1933 when she returned to active service.

Section 1092 of the Greater New York Charter reads in part as follows:

" 8. ' Present teacher ' shall mean any teacher employed in the public schools as a teacher on the first day of August, nineteen hundred and seventeen, or on leave of absence on said date.

" 9. ' New-entrant ' shall mean any teacher appointed to service in the public schools after the first day of August, nineteen hundred and seventeen."

Without outlining the details of the law, it is sufficient to note that the classifications outlined in the statute involve important rights and obligations of a teacher in that they govern the rate of contribution to the retirement fund, credits for prior service, and the amount to be ultimately received as a pension.

The legal defenses to this proceeding will first be discussed. The alleged laches of the petitioner is no bar. Her case was in process of negotiation since 1933, and the law governing the situation was and still is to a great extent in an unsettled state. The petitioner should not be prejudiced for not resorting to the courts promptly in view of the natural expectation from her dealings with the respondent that the matter would be adjusted amicably. (See *Matter of Thomas* v. *Teachers' Retirement Board*, 164 Misc. 341.)

Nor are the provisions of subdivision H of section 1092 of the Greater New York Charter, as amended by chapter 706 of the Laws of 1935, a bar. This act provides that " no prior service certificate heretofore issued to any contributor by the retirement board shall hereafter be reviewed or modified after such certificate or modified certificate shall have been in effect for one year, and all such certificates are hereby validated and confirmed to the same extent and with the same effect as if issued pursuant to express authority of law."

This act is remedial in nature and its obvious purpose was to preserve existing classification of teachers to the end that there should be finality to any action taken by the board. In the instant case no prior service certificate was ever issued although by statute in force at the time the classifications were made (Greater New York Charter, § 1092, subd. H) the board was required to issue such certificate.

While it may be true that the issuance of a service certificate is a mere ministerial act which provides tangible evidence in convenient form of the actual classification of the teacher, the Legislature has seen fit to predicate the limitation period upon its issuance. The statute is specific in its terms and accordingly there is no basis for any interpretation as to what may have been the actual legislative intent. The limitation period commences when the certificate is issued, and it is immaterial that the petitioner must have had knowledge of her classification at some time prior to suit. The court is constrained to construe the statute according to its plain and explicit language.

Under section 1092 of the Greater New York Charter it is undisputed that the petitioner on August 1, 1917, was a " present teacher." But there is no vested interest in this status prior to the actual granting of a pension. (*Roddy* v. *Valentine*, 268 N. Y. 228.) It

is clear that an unconditional resignation divests a teacher of all existing rights in the retirement system. The law necessarily contemplates that the contributor continue in the system to preserve her preferential rights thereunder. (*Thomas* v. *Teachers' Retirement Board, supra.*) In no sense does a subsequent reappointment, after an unqualified resignation, revive any rights theretofore terminated.

However, in some cases where a resignation is absolute in form, the courts have conferred the status of " present teacher " on the theory that the ostensible resignation under all the circumstances was equivalent to a leave of absence, in that the parties intended it as such. (*Matter of Brown* v. *Teachers' Retirement Board*, 239 App. Div. 178; affd., 264 N. Y. 493; *Wilmerding* v. *Bonaschi*, 166 Misc. 140, and cases cited therein.)

I have some doubt as to the applicability of these decisions to the facts here disclosed, as it does not appear that the intention to return to the teaching system was ever disclosed to the respondent at the date of resignation. It may be that the factual picture is not complete and the court should not dispose of the disputed issue of fact on the papers before it.

Accordingly, the motion will be granted to the extent of an alternative order. Settle order.