230 P.2d 231

## JONES v. BOARD OF SCHOOL DIRECTORS OF INDEPENDENT SCHOOL DIST. NO. 22, SAN JUAN COUNTY.

### No. 5295.

Supreme Court of New Mexico.

April 9, 1951.

Paul B. Palmer, Farmington, for appellant.

G. W. R. Hoy, Farmington, for appellee.

SADLER, Justice.

The plaintiff who is the appellant before this court seeks review of a judgment dismissing his complaint, in one cause of action asking a declaration of his rights under the Teachers Tenure Law, L. 1941, c. 202, as amended, as holder of a teacher's contract with defendant; and as a second cause of action, by way of further relief under the Declaratory Judgment Act, 1941 Comp. § 25-602, seeking an award of damages in the sum of seven thousand five hundred ($7500.00) dollars for breach of the contract involved.

The case was tried on stipulated facts agreed upon by the parties following several sessions of a pre-trial conference presided over by the trial judge and participated in by opposing counsel. The salient facts of the case covered by the stipulation will be summarized as briefly as may be consistent with an intelligent understanding of the issues presented here for determination.

The plaintiff had been employed as a teacher by defendant from year to year, serving as such during the school years 1944–1945, 1945–1946, 1946–1947, and for the period of nine months in the school year 1947–1948. He had thus acquired what is known in public school parlance as "tenure." On Friday, May 21, 1948, being the last day of the 1947–1948 school term, the defendant notified the plaintiff in writing by regular mail of its election to terminate his services as teacher with the close of the current school year, which notice was not actually received by the plaintiff until Saturday, May 22, 1948. The written contract under which the plaintiff was employed and served for the school year 1947–1948 contained a paragraph reading: "It is agreed by both parties hereto that if said teacher is not notified of dismissal prior to closing day of school that the terms of this contract are extended for the term of one year for the same position and same salary."

An additional pertinent paragraph of the stipulation reads: "That should it become material, it is further stipulated that plaintiff demanded no meeting with or hearing by the Board of Education of said Independent School District No. 22, relative to the failure or refusal of said Board of Education to employ plaintiff for the ensuing year of 1948–1949; nor was any appeal taken by plaintiff to the State Board of Education, or demand made on the State Board of Education for any hearing, or application made for any appeal from the action taken by the Board of Education of said Independent School District No. 22 upon its failure to employ plaintiff for the next ensuing school year of 1948–1949."

It thus being a stipulated fact that the plaintiff took none of the statutory steps for the hearing provided by the Teacher Tenure Law where notice, or its equivalent, that the board desires to discontinue the services of a teacher has been given or transpired, as the case may be, it becomes important to determine the effect of this omission on the plaintiff's part. An examination of the controlling act itself will be necessary in making this determination. So far as material, it reads:

"On or before the closing day of school in each school district in the State whether rural, municipal or otherwise, the governing board shall serve written notice upon each classroom teacher certified as qualified to teach in the schools of the State and by it then employed stating whether it desires to continue or discontinue the services of such teacher for the ensuing school year. Notice to discontinue the service of such classroom teacher properly certified and who has served a probationary period of three (3) years and holds a contract for the completion of a fourth year in a particular district shall specify a place and date not less that five (5) days nor more than ten (10) days from the date of mailing such notice at which time said teacher may at his or her discretion appear before the board for a hearing. If the decision of the governing board is not satisfactory to the teacher he or she may appeal to the State Board of Education within ten (10) days from date of hearing, and should the State Board of Education find alleged causes insufficient for termination of his or her services, said teacher shall be considered employed for the following year under the terms of his or her then existing contract, provided said teacher shall be entitled to any additional compensation allowed other teachers of like qualifications and experience employed in the same unit or system, and in the event the compensation allowed other teachers of like qualifications and experience is reduced, such teacher shall have the right to decline employment for the following year. Provided further that teachers holding war emergency certificates and teachers whose professional qualifications are otherwise below those required by the governing boards or teachers employed to fill positions of teachers *employed to fill positions of teachers* who have entered the military service shall not be entitled to the benefits specified in this act.

"Failure to serve such notice shall be construed the same as if notice had been served that the board desires to discontinue the services of such teacher, and in such case the teacher may at any time within ten (10) days after the closing of school request the board to have a hearing and thereupon the board shall grant a hearing within ten (10) days from such request." L.1945, c. 125.

It is to be recalled that the plaintiff's contract contained a proviso, quoted hereinabove, continuing it in effect for another

year in the same position and at the same salary, unless prior to the closing day of school he was notified of his dismissal. This proviso without doubt was an effort substantially to conform the contract in this particular with L.1943, c. 60, providing that failure of the school board to give the notice therein mentioned of its desire to continue or discontinue the services of the teacher for another school year should operate as an automatic extension of the contract for the ensuing school year, unless the teacher within fifteen (15) days after the closing day of school should serve written notice on the board of a desire not to renew the contract for such period.

 In so far, therefore, as the contract provided an effect diametrically opposed to that called for by the statute in force when the contract was made, L.1945, c. 125, the statute cancels and nullifies the effect declared by the contract and substitutes therefor its own mandate declaring omission to give the notice "shall be construed the same as if notice had been served that the board desires to discontinue the services of such teacher". The statute becomes a part of the contract as effectively as though expressly incorporated therein. 13 C.J. 560, Contracts, § 523; 17 C.J.S., Contracts, § 330 p. 782, Smith v. Directors of Insane Asylum of New Mexico, 19 N.M. 137, 141 P. 608. Cf. Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602. And by the same token, the statute imposes on the teacher, who so desires, an obligation to call for a hearing before the local board, to be followed by an appeal to State Board of Education in the event decision of the local board is unsatisfactory, before resorting to the courts for relief. Stapleton v. Huff, 50 N.M. 208, 173 P.2d 612; Associated Petroleum Transport v. Shepard, 53 N.M. 52, 201 P.2d 772; American Refrigerator Transit Co. v. Shepard, 53 N.M. 271, 206 P.2d 551.

The order dismissing the complaint reads as follows:

"This cause coming on upon the stipulation of facts by parties plaintiff and defendant, and upon briefs submitted by counsel for plaintiff and counsel for defendant, and the Court being advised in the premises, and it appearing to the Court that the contract upon which this cause is brought, which contract is made a part of plaintiff's complaint herein, cannot be enforced against the Board of School Directors of Independent School District No. 22, San Juan County, State of New Mexico,

"Wherefore, It is ordered that plaintiff's complaint herein be, and the same hereby is dismissed, to all of which plaintiff objects and excepts."

 It is to be observed that the order of dismissal does not state the ground upon which the court rests the order. Nevertheless, it appearing from the stipulation that the plaintiff had failed to pursue and ex-

haust his statutory remedies, this omission supports the order of dismissal, even if the order had been expressly placed upon another ground. Associated Petroleum Transport v. Shepard, supra. This makes it a proper subject of affirmance. Accordingly, the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.