425 P.2d 310

Marie Anne BROWN, Plaintiff-Appellant,

v.

Silviano ROMERO, Individually and as a Member of the Rio Arriba County Board of Education et al., Defendants-Appellees.

No. 7944.

Supreme Court of New Mexico.

March 20, 1967.

**548**

Dale B. Dilts, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., E. P. Ripley, Sp. Asst. Atty. Gen., Santa Fe, for New Mexico State Board of Education.

Matias L. Chacon, Espanola, Charles S. Solomon, Santa Fe, for Jemez Mountain School Dist. #53.

## OPINION

NOBLE, Justice.

Marie Anne Brown has appealed from an order dismissing her complaint against the local school board, the state board of education, and the individual members of both boards for failure to state facts upon which relief can be granted.

The action or proceeding in the district court was commenced with the filing of a pleading, entitled "complaint," but which alleges that the action was brought pursuant to the provisions of § 73–12–13, N.M.S.A. 1953, authorizing any teacher aggrieved by a decision of the state board of education to appeal to the district court. The complaint further alleges that Mrs. Brown had a contract to teach during the school· year 1961–62; that she received no notice of termination of her services prior to the end of this school term, on or about May 25, 1962. She asserts that upon such failure to give notice, her teaching contract was automatically renewed. There is a further allegation that she requested and was denied a hearing before the local or governing school board; that she appealed from that refusal to the state board of education which dismissed her appeal without a hearing. She attached exhibits to the complaint showing that the local school board denied her a hearing contending that because she did not have the required tenure, she was not entitled to a hearing.

The manner in which the proceeding was treated in the district court makes it uncertain whether the trial court considered the proceeding an original action or an appeal from the state board. This resulted from ambiguity in the pleading. As an aid to determining the nature of an action,

where the relief sought is not clear, we look not only to the allegations themselves but also to the prayer. Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718; Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179. Compare Chavez v. Potter, 58 N.M. 662, 274 P.2d 308. Here we find that the pleading expressly states that it is brought pursuant to the statutory provision for appeals from the state board of education, and the prayer asks, in the language of the statute providing for such appeals, for a de novo trial on issues of law and fact. The boards of education challenge the jurisdiction of the court below on the ground that the pleading discloses on its face that Mrs. Brown failed to exhaust her administrative remedies.

An examination of the entire complaint convinces us that it was an appeal from the state board action, and that by way of further relief it sought an award of damages in the sum of $6,650.00 for breach of claimed tenure rights, or, in the alternative, for an award of $6,650.00 because of the claimed statutory extension of the 1961–62 contract.

The pleadings are clear that there was no hearing before the local board of education. The statute, § 1, ch. 71, Laws 1955, provides the administrative procedure available to a tenure teacher who has been discharged or whose services have otherwise been terminated. Briefly stated, a teacher must (1) have a hearing before the local board on written charges, (2) appeal from an adverse decision to the state board of education, and (3) appeal from an adverse decision of the state board to the district court.

■ It is well settled that a teacher may not seek the enforcement of a statutory right in the courts until the administrative procedures provided by law have been fully utilized and exhausted. Sanchez v. Board of Education, 68 N.M. 440, 362 P.2d 979. That decision pointed out that "[o]ne of the obvious purposes of the statute was to provide for a full and complete administrative procedure in event a teacher with tenure was dismissed." See, also, Stapleton v. Huff, 50 N.M. 208, 173 P.2d 612; Jones v. Board of School Directors, 55 N. M. 195, 230 P.2d 231.

■ Section 1(b), ch. 71, Laws 1955, authorizes an appeal to the state board only "after such hearing by the governing board * * *." An appeal may only be taken to the district court from an adverse decision of the state board. Section 1(c), ch. 71, Laws 1955. Absent a hearing before the governing board, neither the state board nor the district court has jurisdiction over any matter presented.

■ The allegation that both the local board and the state board refused a hearing makes it plain that the teacher in this instance has failed to exhaust her admin-

istrative remedies. Mandamus was available as a remedy to test Mrs. Brown's right to a hearing before the governing board. Stapleton v. Huff, supra; Jones v. Board of School Directors, supra; Sanchez v. Board of Education, supra. Only a tenure teacher is entitled to a hearing upon written charges before her services can be terminated, § 1, ch. 71, Laws 1955, and the issue of whether Mrs. Brown had the required tenure so as to entitle her to a hearing before the governing board could be determined in the mandamus proceeding. Because it appears from the face of the pleading that Mrs. Brown had failed to pursue and exhaust her statutory remedies, it follows that the order of dismissal was proper. Jones v. Board of School Directors, supra.

It is argued that, in any event, the pleading states a cause of action for breach of the 1961-62 contract, because it alleges a failure of the board of education to "compensate your plaintiff as provided" in her teacher's contract. We do not so construe the allegations. Paragraphs 8 and 9 of the pleading read together make it apparent that the breach of contract there attempted to be asserted was the claimed statutory renewal for an additional year, not a failure to pay any part of the 1961-62 contract salary. Paragraph 8 alleges failure to perform the contract and to compensate the plaintiff as provided therein. Paragraph 9 details the alleged breach as an attempt to discharge Mrs. Brown without cause and without either a hearing on written charges, or a notice of termination of her services, "as provided for in the New Mexico Statutes Annotated, 73-12-13 * * *." Section 1(c), ch. 71, Laws 1955 (then § 73-12-13(c) ) provides that a tenure teacher shall be considered employed for the following year under the terms of his existing contract, if the state board finds in writing a substantial departure by the local board from procedures prescribed by the state board. In this instance, it is clear from the pleading that the state board did not so find.

We are, however, not required to determine whether paragraph 8 pleads failure to pay a part of the 1961-62 salary. Even if it be considered as stating a failure by the board to pay all of the 1961-62 salary provided by Mrs. Brown's contract, on an appeal from a decision of the state board of education the district court's jurisdiction is limited to affirming or reversing the decision of that administrative agency. The district court's original jurisdiction to entertain a claim for breach of contract may not be invoked in a proceeding to review the action of an administrative agency. What has been said likewise disposes of the claim for damages, or, in the alternative, for an additional year's salary under the terms of the existing contract. Recovery of salary must be by separate appropriate action in a court of original

jurisdiction. See Belen Municipal Board of Education v. Sanchez, 75 N.M. 386, 405 P.2d 229.

We notice, however, that the order appealed from dismissed the pleading filed in this case "with prejudice." The case is remanded to the district court with direction to vacate the order of dismissal and to enter a new order merely dismissing the appeal.

It is so ordered.

COMPTON, J., and WOOD, J., Court of Appeals, concur.