450 P.2d 624

STATE of New Mexico ex rel. Marie Ann BROWN, Relator-Appellee,

v.

William G. HATLEY, Felix Garcia, Jake Arellano, David Chavez and Jack Bishop, as members of the School Board of Jemez Mountain Independent School District No. 53, and the School Board of Jemez Mountain Independent School District No. 53, Respondents-Appellants.

No. 8650.

Supreme Court of New Mexico.

Feb. 17, 1969.

Chacon & Melendez, Espanola, Watson & Watson, Charles S. Solomon, Santa Fe, for appellants.

Dale B. Dilts, Albuquerque, for appellee.

OPINION

CARMODY, Justice.

The district court granted a writ of mandamus, directing the School Board of Jemez Mountain Independent School District No. 53, as successors in interest to the Rio Arriba County Board of Education, to hold a hearing with respect to the termination of the employment of Marie Ann Brown as a teacher, and the board appeals.

This case, involving a controversy of long standing, is an outgrowth of the situation which culminated in our decision in Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967). It seems that Mrs. Brown, for many years, taught school in the school system of Rio Arriba County prior to the

1958–59 school year. At the commencement of that year, after teaching for about one week, she became ill and was granted a year's leave of absence. In April and again in August of 1959, she was notified that she was being transferred to a new school and she accepted the transfer in writing. However, before the acceptance of the transfer, a resignation was submitted on her behalf in order that she might obtain disability retirement. She did not teach during the 1959–60 school year, but was employed during 1960–61, and after going to summer school in 1961, taught in 1961–62. In May of 1962, she was notified she had not been rehired. She requested a hearing before the then Rio Arriba County Board of Education, but was denied on the basis that the board felt she was not a tenure teacher. Hearings were then scheduled before the state board, but no hearing was held on the merits. Thereafter, the case was filed in the district court, which resulted in our opinion in Brown v. Romero, supra.

Following our decision in the above case, the instant cause was filed in Rio Arriba County, and, after trial, the court found Mrs. Brown's purported resignation was not effective in that it was never accepted, that Mrs. Brown was not guilty of laches, and that the present action was a continuation of the cause which was commenced as Brown v. Romero, supra. The trial court concluded that Mrs. Brown was a tenure teacher, that her tenure rights had been violated, and that the statute of limitations had not run. It was on the basis of these conclusions that the court ordered the board to hold a hearing.

■ The board asserts that Mrs. Brown is estopped to deny that she has had a hearing, because upon two occasions she had an opportunity for hearings before the state board and failed to present her case. It is claimed that she should have appealed to the district court from the non-action of the state board. This contention is somewhat incongruous in view of the facts, because Mrs. Brown did file her case in the district court (Brown v. Romero,

supra) four days after the state board ordered a dismissal as to her requested hearing.

In Brown v. Romero, supra, we held that the state board had no jurisdiction, and that Mrs. Brown's proper remedy was a mandamus to compel a hearing before the local board, which is exactly what is attempted to be done here. We fail to see how Mrs. Brown can be estopped in attempting to pursue a remedy which was specifically authorized by us.

The board then urges that the earlier case is res judicata, on the theory that the instant case is not an appeal taken within ten days from the action of the state board. What we have said above really disposes of this argument, as it is implicit in our decision in Brown v. Romero, supra, that we were of the opinion that the district court had jurisdiction to hear the instant action.

■■ The board then disputes the findings of the trial court that Mrs. Brown was a tenure teacher. It is here claimed that Mrs. Brown failed to prove her professional qualifications as a tenure teacher. We note that this is the first time that her qualifications have been questioned, inasmuch as the trial court made no finding with respect thereto; contrariwise, the board made no request that Mrs. Brown did not have the requested qualifications. As we view the pleadings and the confused record, all of the parties treated the pleadings as raising the issue of tenure only because of the claimed lack of continuous service. Such a construction was placed upon the pleadings by the trial court, acquiesced in by the parties, and we will not disturb it. Laumbach v. Board of County Commissioners, 60 N.M. 226, 290 P.2d 1067 (1955); and Horton v. A. T. & S. F. Ry. Co., 34 N.M. 594, 288 P. 1065 (1929). This is an attempt to raise a matter before us which was not raised in the trial court, and, not being jurisdictional, we will not consider it. State ex rel. State Highway Commission v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966); and Horton v. A. T. & S. F. Ry. Co., supra.

The board then questions the trial court's failure to find that Mrs. Brown effectively resigned in August of 1959, and that she therefore did not have the necessary consecutive service to qualify as a tenure teacher under the statute then in effect, § 1(b), ch. 71, L.1955.

A resignation by a teacher is in the nature of a termination of employment. However, it is ineffective without the necessary intent on the part of the incumbent to sever the relationship of employer and employee. Sherman v. Board of Trustees, 9 Cal.App.2d 262, 49 P.2d 350 (1935). Actually, it is conceded that Mrs. Brown's resignation was submitted only for the purpose of obtaining disability retirement. The superintendent knew that was the purpose, and the circumstances of the resignation, such as her illness, agreement to transfer, and the like, are inconsistent with a true resignation. When a teacher submits a resignation and the parties understand it is submitted for a purpose other than termination of employment, it is ineffective as a resignation. Sherman v. Board of Trustees, supra. In such a case and under the circumstances here, the resignation should be considered as a leave of absence. Wilmerding v. Bonaschi, 166 Misc. 140, 2 N.Y. S.2d 124 (Sup.Ct.1938).

In our decision in Sanchez v. Board of Education, 68 N.M. 440, 362 P.2d 979 (1961), we indicated general support of the principle that, at least in tenure cases, the intent of the parties and the circumstances surrounding the transaction must be considered in determining the effectiveness of a claimed resignation. There was no error on the part of the trial court in concluding that Mrs. Brown's resignation was ineffective, even though, as claimed by the board, it was accepted by it. Actually, from our examination of the record, there is no showing that Mrs. Brown was ever given a disability or any other kind of retirement, nor was she ever placed upon the retirement rolls; to the contrary, she was never in fact retired. About the most that could be said for the so-called retirement is that her resignation was received in order to explore the possibility of a disability retirement, which was never culminated.

The board finally questions the trial court's ruling that the statute of limitations did not apply to the present action. The court gave three alternative bases for such a determination, but we need not discuss any of the other grounds because of the board's concession, "If this action were a continuation, there is no question that it is timely. * * *" The board then argues that the trial court's finding that the present action is a continuation of Brown v. Romero, supra, under the provisions of § 23-1-14, N.M.S.A.1953, is in error. The board cites Miller v. Smith, 59 N.M. 235, 282 P.2d 715 (1955), claiming that case requires that there be an indication in the pleadings that the new action is a continuation of the old. We do not believe that Miller v. Smith makes such a requirement. The basis of the decision there was that the claim of continuation was first made in the supreme court and that the record did not reflect that the matter had been presented to the trial court. On this basis, we refused to consider the contention. Otherwise, Miller v. Smith does not require anything more than the usual requirement that the question as to whether one case is a continuation of another must appear in the record. Rowland v. Beauchamp, 253 N.C. 231, 116 S.E.2d 720, 79 A.L.R.2d 1263 (1960); see generally 34 Am.Jur. Limitation of Actions § 281, at 227 (1941). In this case, the record in the trial court adequately shows that the present action is a continuation of the older one—it is based substantially on the same cause of action and involves substantially the same parties. In any event, the proof was admitted without objection and therefore the pleading would be deemed amended to conform therewith.

There was no error made by the trial court, and the order must be affirmed so that Mrs. Brown may finally be granted a

determination of the issue which she has so long sought to raise.

The judgment will be affirmed. It is so ordered.

NOBLE, C. J., and MOISE, J., concur.