468 P.2d 431

Marie Anne BROWN, Appellant,

v.

The BOARD OF EDUCATION of the State of New Mexico and Board of Education of the Jemez Mountain Independent School District No. 53, Appellees.

No. 391.

Court of Appeals of New Mexico.

April 3, 1970.

———◆———

Dale B. Dilts, Albuquerque, for appellant.

Charles S. Solomon, Solomon, Stillinger & Lunt, Santa Fe, for appellee Board of Education of Jemez Mountain Independent School District No. 53.

E. P. Ripley, Santa Fe, for Board of Education of the State of New Mexico.

## OPINION

OMAN, Judge.

The origin of this case in the New Mexico courts dates back to April 24, 1963, when plaintiff filed a complaint in the District Court of Santa Fe County. From a dismissal of that complaint, plaintiff appealed. Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967).

She subsequently filed a mandamus proceeding in the district court of Rio Arriba County, in accordance with a suggestion in Brown v. Romero, supra, as to the availability of that remedy, and the School Board appealed from the order granting the writ. The decision of the New Mexico Supreme Court affirming the order appears in State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969). Plaintiff was thereupon granted a hearing on June 9 and 13, 1969, before the Board of Education of the Jemez Mountain Independent School District No. 53, hereinafter referred to as the Local Board. This hearing was conducted pursuant to the provisions of § 73–12–13, N.M.S.A.1953, in effect at the time of the filing of the original complaint in 1963, but which was repealed in 1967.

Plaintiff then appealed to the Board of Education of the State of New Mexico, hereinafter referred to as the State Board, from the Local Board's adverse decision entered June 23, 1969. The State Board held a hearing on July 31, 1969, and entered its decision on August 5, 1969, affirming the Local Board.

The appeal now before us is from the decision of the State Board and was brought pursuant to § 77–8–17(F), N.M.S.A.1953 (Repl. 11, pt. 1), which became effective July 1, 1967. All parties question the jurisdiction of this court to entertain this appeal. Plaintiff perfected her appeal to this court to avoid the possibility of later finding she had appealed to the wrong court from the adverse decision of the State Board. We were advised in the

oral arguments before this court that plaintiff has also filed an appeal in the district court pursuant to the provisions of § 73–12–13, N.M.S.A.1953, as amended by Chapter 71 of the Laws of 1955, and which statute, as above stated, was repealed in 1967. This repealed statute provided in part:

"* * * Any teacher or governing board aggrieved by decision of the State board may appeal to the district court, at which time a trial de novo of all matters of law and fact shall be had."

We are of the opinion this court lacks jurisdiction in this case and the appeal should be dismissed.

This is the same case which was originally filed in 1963. State ex rel. Brown v. Hatley, supra. Article IV, § 34 of the Constitution of New Mexico provides:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

Our Supreme Court in Stockard v. Hamilton, 25 N.M. 240, 180 P. 294 (1919), in commenting on the purpose of this constitutional provision and in defining what is meant by the term "pending case" as used therein, stated:

"* * * The definitions of a pending case vary with the construction of each particular statute. We have been unable to find a constitutional provision like our own. The word 'pending,' according to Webster and Century Dictionary, means 'depending,' 'remaining undecided,' 'not terminated,' and this meaning of the word should be adopted in this connection. The evident intention of the Constitution is to prevent legislation interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state. * * *"

This language from the Stockard case was quoted with approval in State ex rel. State Tax Comm. v. Faircloth, 34 N.M. 61, 277 P. 30 (1929).

It is apparent that the case now before us was a "pending case," within the meaning of that term as used in Article IV, § 34 of our Constitution, at the time of the adoption of § 77–8–17(F), supra, and it is apparent that the differences between an appeal to this court under that statute and an appeal to the district court under § 73–12–13, supra, are the types of change which are proscribed by the Constitution.

The Public School Code, which was enacted as Chapter 16, Laws of 1967, appearing as Chapter 77, N.M.S.A.1953 (Repl. 11, pt. 1), and which includes the provision now appearing as § 77–8–17(F), supra, contains a temporary savings clause providing in part:

"A. The Public School Code shall not in any manner affect the rights, liability or right of action for or against a school district in any action commenced before the effective date of the Public School Code.

"B. The adoption of the Public School Code shall not be construed to repeal or in any way affect or modify:

"(1) any substantive or fixed right; * * *."

It is apparent from what has been said that this court has no jurisdiction over this case and the appeal should be dismissed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.