488 P.2d 734

**Marie Anne BROWN, Plaintiff-Appellant,**

**v.**

**NEW MEXICO STATE BOARD OF EDU-CATION and Board of Education of the Jemez Mountain Independent School District No. 53, Defendants-Appellees.**

**No. 9197.**

Supreme Court of New Mexico.

Sept. 13, 1971.

**100**

Dale B. Dilts, Albuquerque, for plaintiff-appellant.

David L. Norvell, Atty. Gen., E. P. Ripley, Sp. Asst. Atty. Gen., Solomon & Roth, Santa Fe, for defendants-appellees.

### OPINION

OMAN, Justice.

This case has already been before this court twice on appeal and once before the Court of Appeals. Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967); State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969); Brown v. Board of Ed., 81 N.M. 460, 468 P.2d 431 (Ct.App.1970). It is now before us for the third time on an appeal from an order of the district court dismissing an attempted appeal by plaintiff to that court, and to which attempted appeal reference is made in Brown v. Board of Ed., supra. We affirm.

As stated in Brown v. Board of Ed., supra, plaintiff undertook to appeal from a decision of the Board of Education of the State of New Mexico, hereinafter called State Board, affirming a decision adverse to her entered by the Board of Education of the Jemez Mountain Independent School Dist. No. 53, hereinafter called Local Board. In order to avoid the possibility of later finding she had appealed to the wrong court, she undertook to perfect her appeal in the Court of Appeals pursuant to § 77–8–17(F), N.M.S.A.1953 (Repl.Vol. 11, pt. 1, 1968), which became effective July 1, 1967, and also in the district court pursuant to the provisions of § 73–12–13, N. M.S.A.1953, as amended by Ch. 71 of the Laws of 1955, which was repealed in 1967. The portion of this repealed statute material to the present appeal provided:

"* * * Any teacher or governing board aggrieved by decision of the State board may appeal to the district court, at which time a trial de novo of all matters of law and fact shall be had."

The decision of the State Board from which plaintiff sought an appeal to the district court was entered on August 5, 1969. In her effort to perfect her appeal to the district court, she filed a complaint, as plaintiff, against the State Board, as defendant, in the district court on August 29, 1969. The Local Board was not named as a party to this action and no summons was served upon it. On January 19, 1970, plaintiff's attorney filed a "Certificate of Service" showing he "* * * delivered a copy of the Complaint and Summons filed herein to the office of opposing counsel of record on September 4, 1969." There is no showing as to who these counsel were or that any of them represented the Local Board. However, the attorney for the Local Board admits a copy of the complaint was delivered to his office, but asserts, without contradiction, that he told plaintiff's attorney at the time that he "* * * did not necessarily represent the [Local Board] and in fact since the [Local Board] was not named as a party it was not possible to accept service for them in any event."

The defendant, the State Board, filed a motion to dismiss the complaint on September 3, 1969 on the ground that exclusive jurisdiction to review decisions of the State Board now rests in the New Mexico Court of Appeals.

On September 25, 1969, plaintiff filed her First Amended Complaint in which she named the Local Board as a defendant. There is no showing of service of this First Amended Complaint on the Local Board. On October 24, 1969, the Local Board entered a "Special Appearance to

Challenge Jurisdiction," whereby it sought a dismissal of the First Amended Complaint as against it on the ground that the same had not been timely filed. After a hearing on this jurisdictional challenge the district court entered the order of dismissal from which plaintiff has taken this appeal.

In Board of Ed., Penasco Ind. Sch. Dist. No. 4 v. Rodriguez, 77 N.M. 309, 422 P.2d 351 (1966) we held that a reasonable time within which to perfect an appeal to the district court under § 73–12–13, supra, was thirty days, which is the time for perfecting appeals under Supreme Court Rule 5(1) [§ 21–2–1(5) (1), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. We also held a failure to perfect a timely appeal to the district court is jurisdictional.

Thus, unless the Local Board can be said to have been a party to the appellate proceeding in the district court initiated by the filing of the original complaint on August 29, 1969, in which the Local Board was not named as a party, the appeal as to the Local Board was untimely and the district court correctly held it lacked jurisdiction.

■ Plaintiff first contends the decision of the Court of Appeals in Brown v. Board of Ed., supra, is contrary to that of the district court and is controlling. A reading of the decision in that case clearly shows the question of timeliness of the filing of the appeal [complaint] in the district court was in no way involved. In fact, it could not have been involved in that case, which was an attempt to appeal directly to the Court of Appeals from the decision of the State Board.

In the original "Notice of Appeal" filed by plaintiff in the Court of Appeals, the State Board was named as appellee. Subsequently, an "Amended Notice of Appeal" was filed in that court in which the Local Board was named as an appellee. The Local Board sought by motion to have that appeal dismissed as to it on the ground that the appeal as to it had not been timely filed. This motion was denied without opinion, and the appeal was heard, considered and dismissed because of lack of jurisdiction over the subject matter of the case for the reasons stated in the opinion. Nothing said in the opinion can reasonably be construed as holding the Local Board had properly been made a party to that appeal by the filing of the Amended Notice of Appeal. In any event, the question now before us was not presented and could not have been presented or considered by the Court of Appeals.

■ Plaintiff next contends: "The companion case in the Court of Appeals extended the time in which this case could be filed in the District Court." The argument is that the case was before the Court of Appeals until the filing of its decision on April 3, 1970 in Brown v. Board of Ed., supra, and, upon the authority of Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967), the filing of an appeal in the district court was not required until after the Court of Appeals had disposed of the case. Thus, she urges the filing of the Amended Complaint on September 25, 1969 was timely.

The opinion in the Roberson case does not support plaintiff's position. That case did not involve an appeal nor a jurisdictional time limit within which to take an appeal, but rather a writ of certiorari and the question of laches.

■ Plaintiff next contends: "Jurisdiction is derived from filing an appeal in the District Court within a reasonable time and serving notice upon opposing counsel of such appeal." Her argument is that the filing of the complaint on August 29, 1969, and the delivery of a copy thereof to the attorney for the Local Board on September 4, 1969, perfected the appeal, and the subsequent filing of the amended complaint, by which the Local Board was first named as a party "only clarified the record."

Her argument consists of brief statements to the following effect: (1) she followed the method for filing a civil action as prescribed by § 21–1–1(3), N.M.S.A. 1953 (Repl.Vol. 4, 1970); (2) a civil action

is commenced by the filing of a complaint; (3) she was only required to take her appeal within a reasonable time (Board of Ed., Penasco Ind. Sch. Dist. No. 4 v. Rodriguez, supra); (4) the filing of the complaint and service of a copy thereof on counsel for the Local Board conferred jurisdiction in the court over the Local Board; (5) misjoinder of parties is not ground for a dismissal of an action [§ 21–1–1(21), N.M.S.A.1953 (Repl.Vol. 4, 1970)]; and (6) parties may be dropped or added at any stage of the action on such terms as are just [§ 21–1–1(21), supra; § 21–2–1(8), N.M.S.A.1953 (Repl.Vol. 4, 1970)].

Her argument is faulty both in the analogies implied therein, and, in some particulars, in the conclusions she suggests must follow therefrom. She was required to take her appeal within a reasonable time, and thirty days has been held to be a reasonable time. Board of Ed., Penasco Ind. Sch. Dist. No. 4 v. Rodriguez, supra; Roberson v. Board of Education of City of Santa Fe, supra. A misjoinder of parties is not involved. An essential or necessary party to an appeal may not be added after the time allowed for appeal has expired. Clark v. Rosenwald, et al., 30 N.M. 175, 230 P. 378 (1924); compare Martz v. Miller Brothers Company, 244 F.Supp. 246

(D.Del.1965); Annot., 8 A.L.R.2d 6 at 112 (1949).

Plaintiff's final contention is that the "Failure to name the [Local Board] as a Defendant was not fatal to the appeal to the District Court." She relies upon the principle that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant intends and appellee has not been misled or prejudiced. Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963 (1969).

To extend this principle to this case and thereby hold the Local Board to be a party to this appeal, when it was not even named as a party thereto until the amended complaint was filed some 26 days after the time for appeal had expired, would be to disregard the principle underlying our many decisions that appellate jurisdiction depends upon the timely filing of the appeal, and would constitute an overruling of our decision in Clark v. Rosenwald, et al., supra.

In our opinion the trial court properly entered the order of dismissal, and this order should be affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.