507 P.2d 441

**STATE of New Mexico ex rel. Marie Anne BROWN, Relator-Appellant,**

v.

**William G. HATLEY et al., Respondents-Appellees.**

**No. 9484.**

Supreme Court of New Mexico.

March 2, 1973.

Dale B. Dilts, Albuquerque, for relator-appellant.

Matias L. Chacon, Espanola, for respondents-appellees.

OPINION

McMANUS, Chief Justice.

For a history of this litigation, see Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967); State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969); Brown v. New Mexico State Board of Education, 83 N.M. 99, 488 P.2d 734 (1971); and Brown v. Board of Ed., 81 N.M. 460, 468 P.2d 431 (Ct.App.1970).

In Brown v. Hatley, supra, this court affirmed a district court's writ of mandamus directing the School Board of Jemez Mountain Independent School District No. 53, as successors in interest to the Rio Arriba County Board of Education, to hold a hearing with respect to the termination of employment of Marie Anne Brown as a teacher. We then issued a mandate to the district court and that court issued a judgment on the mandate ordering that the teacher be supplied with a written copy of the charges which the school board may

have lodged against her, and that the school board give her a hearing in connection with the charges at the earliest possible date. A hearing was held.

At the conclusion of the hearing, it appears that the teacher wished to do two things: (1) appeal the decision of the local board to the state board and, if necessary, appeal the decision of the state board to the district court and, if necessary, to this court; and (2) complain to the district court that its writ had not been obeyed because of alleged defects in the hearing itself.

The teacher chose first to appeal to the state board, where she was not successful; then to the district court, where she was not successful because of her failure to name a necessary party to the appeal within the allotted time; then to this court, which affirmed the lower court's decision on the same jurisdictional ground.

After this long process, the teacher returned to the district court which had previously issued the writ of mandamus to claim lack of compliance on the part of the local board.

One of the grounds found by the trial court as a basis for his order was that this question could have been included in the appeal to the district court and later to this court in Brown v. New Mexico State Board of Education, supra, and that therefore this question was res judicata. Relator appeals from this decision including this ground.

However, the judgment of the trial court can be sustained upon another ground and should therefore be affirmed. Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657 (1964). The court having considered the evidence, argument of counsel, and being otherwise fully advised in the premises, found that:

"* * * a hearing was held by the School Board of the Jemez Mountain Independent School District No. 53, pursuant to the requirement of the judgment on the mandate in that cause."

This finding was not attacked. Thus, it is apparent the court was satisfied that its writ had been obeyed.

We desire the litigation to be at an end. Affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.