**Marie Anne BROWN, Plaintiff-Appellant,**

v.

**Leonard J. DeLAYO, Individually and as Superintendent of Public Instruction, et al., Defendants-Appellees.**

**No. 73-1699.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 21, 1974.

Decided June 12, 1974.

---

Dale B. Dilts, Albuquerque, N. M., for plaintiff-appellant.

C. Emery Cuddy, Jr., Agency Asst. Atty. Gen. (David L. Norvell, Atty. Gen., Matias L. Chacon, Espanola, N. M., and Charles S. Solomon, Santa Fe, N. M., on the brief), for defendants-appellees.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this civil rights action under 42 U. S.C. §§ 1981 and 1983, with jurisdiction under 28 U.S.C. § 1343(3) and (4), plaintiff-appellant Brown claims deprivation of 14th Amendment due process rights by improper termination of her employment as a school teacher. The defendants-appellees are various New Mexico officials and boards concerned with public education. The trial court granted defendants' motion to dismiss.

Plaintiff became a teacher in a New Mexico public school in 1930. In May, 1962, she was notified that she would not be rehired for the next school year. Her request for a hearing was denied. The ensuing litigation has produced four decisions of the New Mexico Supreme Court and one of the state Court of Appeals. They are Brown v. Romero, 77 N. M. 547, 425 P.2d 310; State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624; Brown v. State Board of Education, N.Mex.Ct. of App., 81 N.M. 460, 468 P.

2d 431; Brown v. New Mexico State Board of Education, 83 N.M. 99, 488 P.2d 734; and State ex rel. Brown v. Hatley, 84 N.M. 694, 507 P.2d 441. The procedural complications discussed in these opinions need not be mentioned. It is enough to say that a trial court's grant of mandamus requiring that the teacher be given a hearing was affirmed, 450 P. 2d at 626-627; that a hearing was held with the result adverse to the teacher, 507 P.2d at 442; and that the decision of the trial court that the hearing satisfied the requirements of the mandamus writ was affirmed by the state supreme court, Ibid. On the basis of the transcript of the last state appeal and the decision therein, 507 P.2d at 442, the federal district court held that the teacher's due process claim had been litigated to an adverse final judgment in the state courts and that the judgment was res judicata in the federal suit.

■ The issue is not res judicata because that principle "applies to repetitious suits involving the same cause of action." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 719, 92 L.Ed. 898. The §§ 1981 and 1983 claims presented here were not before the state courts. However, the state claims and the present civil rights claims all depend on the determination of the question of whether the teacher was denied due process. In this situation the judgment in the prior actions "operates as an estoppel * * * 'as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Ibid. at 598. The principle of collateral estoppel by judgment precludes the relitigation of matters litigated and determined in a prior proceeding. Ibid.

■ The teacher's claim that she was denied due process presents a federal constitutional question which state courts are competent to decide. Palmore v. United States, 411 U.S. 389, 407, 93 S.Ct. 1670, 36 L.Ed.2d 342; Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542; and Chandler v. O'Bryan, 10 Cir., 445 F.2d 1045, 1058, cert. denied 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241. Absent certiorari review in the United States Supreme Court, and none was sought in the proceedings with which we are concerned, the state decision is final and conclusive because only the Supreme Court may review a state court decision. Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286, 90 S. Ct. 1739, 26 L.Ed.2d 234. A prior state court adjudication of a federal constitutional right bars a subsequent federal action seeking vindication of the same right. Hanley v. Four Corners Vacation Properties, Inc., 10 Cir., 480 F.2d 536, 538. The rule applies even though the federal action is brought under §§ 1981 and 1983. The Civil Rights Act is not a vehicle for a collateral attack on a final state court judgment. Bricker v. Crane, 1 Cir., 468 F.2d 1228, 1231, cert. denied 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592. See also Parker v. McKeithen, 5 Cir., 488 F.2d 553, 557-558; Tang v. Appellate Division of New York Supreme Court, First Department, 2 Cir., 487 F.2d 138, 141-143, cert. denied 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 and Coogan v. Cincinnati Bar Association, 6 Cir., 431 F.2d 1209, 1211.

■ The teacher seeks to avoid estoppel by claiming different issues and parties in the state and federal actions. As to issues she points to her claims of back pay, retirement benefits, and conflict of interest of a state official. These are all ancillary to and dependent upon determination of the fundamental due process claim. She voluntarily litigated that claim in the New Mexico courts and had a full and fair opportunity to present her contentions, with an adverse result. Determination of her right to lost income between the date of discharge and the date of the hearing on the propriety of discharge cannot be determined on the appeal before us.

The change in identity of parties because of inclusions and exclusions of certain New Mexico boards and officials is of no moment. The application of col-

lateral estoppel in federal courts is not grounded upon the "mechanical requirements of mutuality." P I Enterprises v. Cataldo, 1 Cir., 457 F.2d 1012, 1015. The test is whether a litigant has had a "full and fair opportunity for judicial resolution" of the issue. Blonder-Tongue Laboratories, Inc., v. University of Illinois Foundation, 402 U.S. 313, 328, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788. The teacher had that full and fair opportunity and may not relitigate the issue in federal court.

Affirmed.