439 P.2d 547

STATE of New Mexico ex rel. STATE HIGH-
WAY COMMISSION of New Mexico,
Plaintiff-Appellee,

v.

B. J. CLARK, Defendant-Appellant.

No. 8447.

Supreme Court of New Mexico.

April 8, 1968.

Jess R. Nelson, Truth or Consequences, for appellant.

Boston E. Witt, Atty. Gen., Joseph L. Droege, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

The property owner sought mandamus to enforce certain provisions of a judgment in a condemnation proceeding. Compare State ex rel. State Highway Commission v. Quesenberry, first case—72 N.M. 291, 383 P.2d 255 (1963); second case—74 N.M. 30, 390 P.2d 273 (1964). The trial court dismissed its alternative writ on the basis that (1) the State Highway Commission did not have a duty to perform the act sought to be compelled by mandamus and (2) the property owner had a plain, speedy and adequate remedy at law. The appeal raises the same issues.

The State, on behalf of the State Highway Commission, brought an eminent domain proceeding to condemn Mr. Clark's property for highway purposes. The condemnation action involved two tracts—one is the highway right of way, the other is excess land. This excess land consists of two parcels adjacent to the right of way and on each side of the controlled access highway.

The eminent domain proceeding was disposed of by stipulation upon which a judgment was entered. These provide that:

(1) the property owner would be paid an agreed sum;

(2) title to the tracts is vested in the State Highway Commission;

(3) the excess land, together with certain water rights, cotton allotments and appurtenances would be offered for sale by the condemnor "to the highest bidder for cash on a sealed bid basis," and

(4) the property owner "shall have a first preference right to purchase said property * * * for a sum equal to the sum of the highest and best bid obtained at the sale."

The excess land, together with the additional rights, was twice offered for sale. Bids were received. The highest and best bid obtained at each sale was $9,125.00. Each time the property owner offered to purchase and tendered this sum. The State Highway Commission refused to sell to the property owner on the basis of the highest and best bid obtained. The property owner sought enforcement of his right to purchase by mandamus.

*Did the State Highway Commission have a legal duty to sell the land to the property owner?*

Section 22–12–4, N.M.S.A.1953, states when the writ of mandamus may issue. Under this section, if the State Highway Commission has a clear legal duty to sell to the property owner, the writ may compel the discharge of this duty. State ex rel. Sun Co. v. Vigil, 74 N.M. 766, 398 P.2d 987 (1965); Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963). If there is discretion to sell, rather than a clear legal duty to do so, there is no basis for the writ. State ex rel. Sun Co. v. Vigil, supra; Kiddy v. Board of County Com'rs of Eddy County, 57 N.M. 145, 255 P.2d 678 (1953).

The Highway Commission concedes that the property owner has a preferential right to purchase; that if they sell at all, they have a duty to sell to him since he has attempted to exercise his preferential right. However, the Highway Commission contends there is no clear legal duty to sell; rather, a sale is discretionary because they have the right to accept or reject the bids received. They base this contention on paragraph 5 of the judgment.

This paragraph states the property owner's right to purchase. As to the exercise of that right, the property owner:

"* * * [S]hall have until 12:00 o'clock noon on December 18, 1964, to exercise their preference right herein recognized. Provided that in the event the Highway Commission meeting of December 18, 1964, is deferred, they may have until 12:00 o'clock noon of the day upon which the State Highway Commission accepts or rejects bids received for the parcel of the above mentioned property."

Under this language it is clear that the property owner must exercise his right to purchase by a certain time or the right is lost. If the Highway Commission meets on December 18, 1964, the right must be exercised on that day. If the Commission does not meet that day, the right must be exercised on the day the Commission either accepts or rejects bids on the property involved. If the Commission accepts a bid, the property owner's right to purchase must be exercised, or the right is lost. If the Commission rejects bids, the purchase right must be exercised, or it is lost.

Under the quoted language, the Commission did not have to sell to a bidder; it had discretion to accept or reject the bids. This discretionary action does not involve the property owner; it does not affect his right to purchase. Whether bids are accepted or rejected, the property owner must exercise his right to purchase at that time. He did so and tendered "a sum equal to the sum of the highest and best bid obtained at the sale." He had a right to purchase at that price.

This "right" on the part of the property owner imposes on the Highway Commission its duty to sell. See "right" in Black's Law Dictionary 1486 (4th ed. 1951). Whether the Highway Commission accepted or rejected the bids, its duty to sell to the property owner arose when he invoked his "right" by tender of a sum equal to the highest and best bid. Compare State ex rel. Black v. Aztec Ditch Co., 25 N.M. 590, 185 P. 549 (1919).

*Did the property owner have a plain, speedy and adequate remedy at law?*

Section 22–12–5, N.M.S.A.1953, states that the writ shall not issue where there is a "plain, speedy and adequate remedy in the ordinary course of law." The Highway Commission asserts that such a remedy exists in this case for two reasons: (1) the property owner could recover damages for breach of contract and (2) the property owner could sue in inverse condemnation.

(1) *Damages for Breach of Contract.*

The judgment here involved is a consent judgment. A consent judgment is construed as a contract between the parties. La Luz Community Ditch Co. v. Town of Alamogordo, 34 N.M. 127, 279 P. 72 (1929). Under § 22–23–1, N.M.S.A.1953 (Supp. 1967), the property owner could sue the State in an action based on a written contract.

Ordinarily, mandamus will not issue to enforce contract rights "because there is another adequate remedy in the ordinary course of law, in the form of an action for damages." State ex rel. Sittler v. Board of Education, 18 N.M. 183, 135 P. 96, 49 L.R.A.,N.S., 62 (1913); see City of Breckenridge v. Stoker, 264 S.W.2d 511 (Tex.Civ. App.1954).

This rule is not applicable because money damages is not an adequate remedy in actions for specific performance of land sales contract; "there can be no monetary substitute for the precise land bargained for." 8A Thompson on Real Property § 4479 (repl.1963). Here, the mandamus

sought is to compel the sale of real estate which the property owner has the right to purchase.

The Highway Commission asserts that courts are reluctant to compel public bodies to specifically perform their contracts, and this being so, money damages should be considered as adequate. It makes this assertion on the basis of the public interest and relies on Whitlow v. Board of Education, 108 Kan. 604, 196 P. 772 (1921).

In Whitlow, the Board of Education contracted to sell land, intending to acquire other land on which to build a school. The Board changed its mind, decided to build the school on the land it had contracted to sell and refused to complete the sale under the contract. The Kansas court held that the proper location of schools was in the public interest and was a paramount interest which would not be interfered with. Specific performance was denied; plaintiff was left to an action for damages.

While use of land for highway purposes may be a paramount interest sufficient to defeat an action for specific performance of a contract to sell land (a point we do not decide), such a use is not involved. Here, the land was acquired for highway purposes but is admittedly excess for that purpose.

■ The only claim of public interest appearing in the record is that it would be inequitable to the taxpayers of New Mexico to permit the property owner to purchase this excess land for $9,125.00 (the highest and best bid) in the face of a bona fide offer of $30,000.00. We note that this offer was received some three months after the sealed bid opening and after the property owner had exercised his right to purchase.

The public interest in this claimed inequity is overmatched by:

(a) Damages for the Highway Commission's breach of contract might exceed any gain from this late bid; certainly the amount of the late bid indicates the damages might be considerable. It is in the public interest to save the taxpayers money by avoiding a large damage judgment.

(b) The parties stipulated that "this sale of excess land * * * is in fact conducted as an equitable manner of determining actual right of way and severance damages." It is in the public interest that the Highway Commission carry out a procedure to which it not only agreed, but agreed was equitable.

Under the facts of this case the public interest does not require that money damages be considered as an adequate remedy for failure of the Highway Commission to carry out its agreement to sell the excess land.

(2) *Inverse Condemnation.*

The Highway Commission asserts that the property owner may file an action for inverse condemnation under § 22–9–22, N.M.S.A.1953.

■ Assuming that inverse condemnation under § 22–9–22 is available as a remedy under the facts of this case (a point we do not decide), it is not an adequate remedy. An inverse condemnation judgment would be for monetary damages; we have hereinabove held such would not be an adequate remedy in this case.

. The Highway Commission had a clear legal duty to sell to the property owner; the property owner did not have a plain, speedy or adequate remedy at law. The order dismissing the alternative writ is reversed. The cause is remanded. The trial court is instructed to issue its writ commanding the State Highway Commission to sell the property to Mr. Clark for a sum equal to the highest and best bid obtained at the sale.

It is so ordered.

MOISE and COMPTON, JJ., concur.