470 P.2d 306

Josephine SHEPARD, Petitioner-Appellee,

v.

**BOARD OF EDUCATION OF the JEMEZ SPRINGS MUNICIPAL SCHOOLS,**
Respondent-Appellant.

No. 8933.

Supreme Court of New Mexico.

April 27, 1970.

Rehearing Denied June 16, 1970.

Solomon, Stillinger & Lunt, Santa Fe, for appellant.

George A. Graham, Jr., Santa Fe, for appellee.

## OPINION

COMPTON, Chief Justice.

Appellee, a teacher with tenure, was erroneously involuntarily retired by the appellant in the Spring of 1967 as being 62 years of age when as a matter of fact she was then of the age of 60 years. Board of Education, etc. v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.), the mandate being dated July 12, 1968.

Appellee attained the age of 62 years on July 4, 1968. On July 18, 1968, appellant board again moved to involuntarily retire her and, on July 19, 1968, she was notified of the board's decision. On July 26, 1968, pursuant to § 77–8–10(B), N.M.S.A.1953, she timely wrote a letter to the board accepting a contract for the 1968–1969 school year. On October 21, 1968, she was notified by the local board that the State Educational Retirement Board, at a meeting held on October 17, 1968, had approved the application of the local board to retire her as of August 1, 1968. Subsequently, on December 13, 1968, the Educational Retirement Board, at appellee's request, entered an order holding its previous order in abeyance pending court proceedings contemplated by her.

On December 19, 1968, appellee applied for and was granted a writ of mandamus directing the local board to tender her a contract for the 1968–1969 school year. From this order, the local board has appealed.

The decisive question is whether mandamus was proper. We think not. Mandamus will not issue to enforce a contract, even though a legally enforceable contract exists, if there is an adequate remedy at law. Sanchez v. Board of Education of Town of Belen, 80 N.M. 286, 454 P.2d 768; State ex rel. State Highway Comm. v. Clark, 79 N.M. 29, 439 P.2d 547. The action of the Educational Retirement Board was merely a determination that appellee was eligible for retirement benefits under the Educational Retirement Act, §§ 77–9–1 to 77–9–45, N.M.S.A.1953. The action sought by appellee here pertains to her continued employment and requires factual determination by the local board under §§ 77–8–12 and 77–8–13, N.M.S.A.1953, as to what date was the last day of the school year, from which determination appeal can be taken to the State Board of Education and to the Court of Appeals under §§ 77–8–16 and 77–8–17, N.M.S.A.1953.

The proceeding is one in the administrative field and appellee voluntarily failed to pursue and exhaust her administrative remedies. Mandamus is a proper remedy only after a petitioner has exhausted such administrative remedies. Brown v. Romero, 77 N.M. 547, 425 P.2d 310; Sanchez v. Board of Education of Town of Belen, 68 N.M. 440, 362 P.2d 979; Jones v. Board of School Directors of In-

dependent School Dist. No. 22, 55 N.M. 195, 230 P.2d 231.

■ It is well settled that a teacher must first seek a hearing before the local board and, if dissatisfied there, appeal from an adverse decision of the local board to the State Board of Education. Sections 77–8–9 to 77–8–17, N.M.S.A.1953; Board of Education, etc. v. State Board of Education, supra; Riddle v. Board of Education, 78 N.M. 631, 435 P.2d 1013.

■ The lower court had no jurisdiction to issue the writ of mandamus; therefore, it follows that this court is without jurisdiction to hear the appeal.

The order should be reversed.

It is so ordered.

TACKETT and SISK, JJ., concur.