876 P.2d 232

**F. Denis STANLEY, Petitioner–Appellant,**

v.

**RATON BOARD OF EDUCATION, Terrence R. Kamm, Mike Morgan, Mel Raught, Nancy Cooper, and Leroy Baca, all individually and in their official capacities as members of the Raton Board of Education, Respondents–Appellees.**

No. 21722.

Supreme Court of New Mexico.

May 26, 1994.

Toulouse & Associates, P.A., James R. Toulouse, Albuquerque, for appellant.

Simons, Cuddy & Friedman, Frank J. Albetta, Jr., Santa Fe, for appellees.

*OPINION*

BACA, Justice.

Plaintiff–Appellant, F. Denis Stanley, appeals the district court's denial of his petition for a writ of prohibition against Defendants–Appellants, the Raton Board of Education, Terrence R. Kamm, Mike Morgan, Mel Raught, Nancy Cooper, and Leroy Baca ("the Board"). Stanley was suspended from his position as superintendent pending a ter-

mination hearing. After Stanley was served with a notice of intent to discharge by the Board, Stanley filed a petition for a writ of prohibition, alleging that the Board was without authority under the School Personnel Act, NMSA 1978, §§ 22–10–1 to –26 (Repl. Pamp.1993) ("the Act"), to discharge petitioner. The district court denied the petition and Stanley was discharged. On appeal, we address two issues: (1) Whether the district court erred in concluding that it was without jurisdiction to issue a writ of prohibition against the Board and (2) whether the School Board is empowered under the Act to discharge the superintendent of schools without notice of the superintendent's intent to recommend discharge as required for "certified school employees" under Section 22–10–17(A). We review this case pursuant to SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and affirm.

## I

Stanley was hired by the Board to act as the Superintendent of the Raton Public Schools. Stanley's contract began on July 15, 1992, and was to end on June 30, 1994. On May 21, 1993, the Board informed Stanley that he was suspended from his position as superintendent pending further proceedings, and on June 15, 1993, Stanley received a hand-delivered notice from the Board that they intended to discharge him.

Stanley then filed a petition for writ of prohibition requesting that the Board and its members be prohibited from attempting to terminate or from terminating his contract by initiating a discharge hearing pursuant to Section 22–10–17 of the Act. Stanley argued that the Act did not apply to school superintendents, and, therefore, the Board could not proceed with discharge proceedings under the Act. The district court orally denied the petition after concluding that the School Personnel Act did apply to Stanley and that it governed the issues raised in the petition. The court also concluded that it lacked jurisdiction to issue a writ of prohibition to the Board. Stanley appeals this decision.

## II

We first address whether the district court erred when it concluded that it lacked jurisdiction to issue a writ of prohibition to the Board. In *State ex rel. Harvey v. Medler*, this Court defined writs of prohibition as "extraordinary writ[s], issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate powers in a matter of which it has jurisdiction." 19 N.M. 252, 258, 142 P. 376, 378 (1914); *see also State ex rel. Bird v. Apodaca*, 91 N.M. 279, 281, 573 P.2d 213, 215 (1977). In *Atchison, T. & S.F. Ry. v. State Corp. Comm'n*, 43 N.M. 503, 512, 95 P.2d 676, 681 (1939), this Court held that it lacked original jurisdiction to issue a writ of prohibition to officers of the State Corporation Commission because the Corporation Commission is not an "inferior court." The Board argues, and we agree, that it too is not an inferior court as defined by the New Mexico Constitution and *Harvey* and, therefore, the district court was without jurisdiction to issue the writ. Although we agree that school boards are not inferior courts within the definition of writs of prohibition, the district court has jurisdiction over any petition seeking relief that the court has power to grant, notwithstanding that the petitioner has sought a writ under the wrong name.

Here, Stanley actually requested negative relief—"to cease, desist and refrain." Mandamus is the appropriate relief to restrain public functionaries "from doing what they know is an illegal act." *Kiddy v. Board of County Comm'rs*, 57 N.M. 145, 152, 255 P.2d 678, 683 (1953). "Mandamus is defined to include an order 'directing the restoration of the complainant to rights or privileges of which he has been illegally deprived.'" *Apodaca*, 91 N.M. at 282, 573 P.2d at 216 (citation omitted). We conclude that Stanley's petition for a writ of prohibition was, in fact, a petition for negative relief and within the mandamus remedy. Even though the district court held it was without jurisdiction to issue a writ of prohibition, it impliedly ruled on the merits of a request for manda-

mus by holding that the Act applied and controlled the issues in the case.

## III

■ We next address whether the district court correctly ruled that the Act's discharge procedures apply to school superintendents hired by the Board. Section 22–10–17 of the Act provides in part:

A. A local school board or the governing authority of a state agency may discharge a certified school employee only for just cause according to the following procedure:

(1) the superintendent shall serve a written notice of his intent to recommend discharge on the certified school employee . . .; and

(2) the superintendent shall state in the notice of his intent to recommend discharge the cause for his recommendation and shall advise the certified school employee of his right to a discharge hearing before the local school board or governing authority as provided in this section.

Stanley contends and the Board concedes that he is an employee within the meaning of Section 22–10–17. Stanley claims that because the Act and the statutes governing local school boards, NMSA 1978, §§ 22–5–1 to –12 (Repl.Pamp.1993), require the local superintendent of schools to recommend the termination or discharge of school employees or personnel prior to any action by the local board of education, he was entitled to a recommendation of his discharge by the superintendent or another administrator prior to any action by the Board. *See* NMSA 1978, §§ 22–10–17 and 22–5–4(D). Stanley argues that because the Board issued a notice of intent to discharge him without a superintendent's recommendation, the Board "overstepped its authority." We cannot agree.

■ Section 22–5–4(B) gives the Board the power to "employ a superintendent of schools for the school district and fix his salary." However, neither Section 22–10–17 nor Section 22–5–4 provide specifically for procedures to discharge superintendents. "Our interpretation of statutes must be consistent with legislative intent, and our construction must not render a statute's application absurd, unreasonable, or unjust." *Dona Ana Sav. & Loan Ass'n v. Dofflemeyer*, 115 N.M. 590, 592–93, 855 P.2d 1054, 1056–57 (1993). When a peculiarity in the literal language of a statute leads to an absurd result, the court may construe the statute according to its purpose to avoid the absurdity. *See State ex rel. Stratton v. Roswell Indep. Sch.,* 111 N.M. 495, 499, 806 P.2d 1085, 1089 (Ct.App.1991). " '[W]here the language of the legislative act is doubtful or an adherence to the literal use of words would lead to injustice, absurdity or contradiction, the statute will be construed according to its obvious spirit or reason, even though this requires the rejection of words or the substitution of others.' " *Id.* (quoting *State v. Nance,* 77 N.M. 39, 46, 419 P.2d 242, 246–47 (1966)); *see also State ex rel. Helman v. Gallegos,* 117 N.M. 346, 348, 871 P.2d 1352, 1354 (1994). Here, it appears that the legislature overlooked providing a specific procedure for the discharge of a superintendent. We conclude, however, that inherent in the power given to the Board to employ a superintendent in Section 22–5–4(B) is the ability for the Board to supervise and discharge a superintendent. We find it absurd that the Board should rely on the superintendent to recommend his own discharge. We also find Stanley's suggestion that the Board hire an interim superintendent to recommend discharge equally absurd. The superintendent has the power to hire and supervise all other school district employees because he is their supervisor and is aware of their job performance. Only the Board, however, is in a position to evaluate the superintendent's performance as the superintendent is only answerable to it. An interim superintendent would not be personally aware of the suspended superintendent's job performance and would have to receive his information from the Board, the same entity attempting to discharge the superintendent. This circular argument becomes even more complex when we attempt to answer the question: Who has the power to discharge the interim superintendent?

Accordingly, we come to the conclusion that the legislature intended for the Board to be able to discharge those employees of the school district that it directly employs, and

that it not be required to hire an interim superintendent to fulfill this task. The Board acted properly in initiating discharge proceedings pursuant to Section 22–10–17 without hiring an interim superintendent or waiting for Stanley to recommend his own discharge.[1]

Consequently, the order of the district court is **AFFIRMED.**

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and RANSOM, J., concur.

876 P.2d 235

**Johnny ARAGON and Irene Aragon,
Plaintiffs–Appellants,**

**v.**

**WESTSIDE JEEP/EAGLE, Valley National Financial Services, and Chrysler Corporation, Defendants–Appellees.**

**No. 21495.**

Supreme Court of New Mexico.

May 26, 1994.

James M. Curry, IV, Albuquerque, for appellant.

Duncan Law Offices, P.C., Daniel E. Duncan, Albuquerque, for appellee Westside Jeep/Eagle.

Lassen & Jaffe, Charles L. McElwee, Albuquerque, for appellee Valley Nat. Financial Services.

*OPINION*

BACA, Justice.

Plaintiffs–Appellants, Johnny and Irene Aragon (the "Aragons"), appeal from a district court order denying their motion to set

---

1. We note that Stanley argues on appeal that even if the Act applies to him, the Board did not follow the proper procedures. This argument was not raised below and not properly preserved. In the interest of expedient justice, however, we note that once the discharge process was initiated, a discharge hearing had been scheduled for Stanley before the Board pursuant to Section 22–10–17. Stanley, however, waived his right to the discharge hearing and the Board formally discharged him. Had Stanley not waived his right to the discharge hearing, he would have been entitled to pursue a *de novo* hearing before an independent arbitrator. Section 22–10–17.1(A–D). Moreover, Stanley has failed to demonstrate any "prejudice arising from a departure from the procedures established in . . . Section 22–10–17." Section 22–10–17.1(L). Therefore, any depar-

aside the dismissal of their case against Defendants–Appellees, Westside Jeep/Eagle ("Westside Jeep"), Valley National Financial Services ("Valley National"), and Chrysler Corporation ("Chrysler"). On appeal, we address whether the district court erred by denying the Aragons' motion. We review this case pursuant to SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and reverse and remand for further proceedings.

## I.

---

ture "shall be presumed to be harmless error." Id.