2003-NMCA-130

79 P.3d 842

**Stephanie WEST, Plaintiff–Appellant,**

v.

**SAN JON BOARD OF EDUCATION, Roger Bowe, Frank Rusk, Bob Frost, and Art White, Board Members, Defendants–Appellees.**

**No. 23,271.**

Court of Appeals of New Mexico.

Sept. 12, 2003.

Certiorari Denied, No. 28,304, Nov. 4, 2003.

Robert O. Beck, Beck & Cooper, Lawyers Clayton, NM, for Appellant.

Warren F. Frost, Warren F Frost, P.C., Tucumcari, NM, for Appellees.

## OPINION

KENNEDY, Judge.

{1} Plaintiff Stephanie West was hired as a superintendent by the San Jon Board of Education (the Board) for a two-year period. Before the end of her first year of employment, the Board served her with a notice of intent to discharge, detailing its reasons for the proposed termination. Promptly after service of the notice, and before any pre-termination hearing was held, Plaintiff filed a verified petition for writ of mandamus against the Board and four of its members (Defendants) asserting that she was entitled by law to a pre-termination hearing before an impartial, neutral, and unbiased decision maker and that she was entitled to work conferences specifying the nature of her unsatisfactory work performance prior to the Board's notice of intent to discharge. The district court originally issued an alternative writ of mandamus and set a hearing on the petition. Following the hearing, it entered an order quashing the alternative writ and dismissing the petition. Plaintiff appeals from that order.

{2} We hold that Plaintiff was not entitled by law to a neutral and unbiased decision maker at her pre-termination hearing. Further, her assertion that she was entitled to pre-discharge work conferences is a factual question to be determined by a fact finder. We further hold that by not completing her appeal of the Board's decision to an independent arbitrator, Plaintiff has not exhausted her administrative remedies under the procedures set forth by the School Personnel Act (the Act), NMSA 1978, §§ 22–10–17 and –17.1 (1991).

{3} At the appellate level, Defendants moved for dismissal of this appeal based on two grounds: Plaintiff's failure to exhaust her administrative remedies and Defendants' tender of a settlement offer that they consider dispositive of the merits of Plaintiff's claim. The former is decided in this opinion; the latter is beyond the scope of this appeal, and we do not reach it.

## FACTUAL AND PROCEDURAL BACKGROUND

{4} In February 2001, Plaintiff entered into a two-year employment contract with Defendants, in which she was to be employed as the superintendent of San Jon Municipal Schools. Approximately one year later, the

Board served Plaintiff with a notice of intent to discharge, pursuant to Section 22–10–17. The notice set forth the Board's basis for the discharge, and advised Plaintiff of her right to contest the Board's action at a discharge hearing.

{5} In March 2002, Plaintiff filed a petition for writ of mandamus in district court, asking the district court to direct Defendants to comply with the Act and provide her with the required procedures therein. Plaintiff alleged that the procedure to be used at the pre-termination hearing would violate her due process rights, including the right to a neutral and unbiased decision maker. Further, Plaintiff alleged that Defendants failed to follow the procedure set out by the Act and pertinent regulations regarding the correction of unsatisfactory work performance.

{6} In April 2002, when the district court held a hearing on the application for writ of mandamus, Defendants stipulated that prior to March 11, 2002, there had never been a conference with Plaintiff concerning her work performance. In addition, there is nothing in the record which indicates that any corrective actions were taken or written records made regarding Plaintiff's job performance. Defendants further stipulated that they were not an impartial tribunal and would preside over Plaintiff's pre-termination hearing. Based on its review of the pleadings, the arguments and stipulations, and the case law submitted by counsel, the district court quashed the writ. In its letter decision, the district court found that Plaintiff was not entitled to an impartial tribunal at her pre-termination hearing because the statutory framework set forth in the Act provides for an impartial fact finder only at post-termination arbitration. The district court left the factual issue regarding the right to pre-notice of intent to discharge work conferences to be determined by the fact finder at the statutory hearing.

{7} In June 2002, the Board held a pre-termination hearing pursuant to Section 22–10–17, at which it determined that there were grounds for discharge. Subsequently, it provided Plaintiff with written notice of its decision to terminate her employment. Following the Board's decision, Plaintiff request-ed an appeal before an independent arbitrator, pursuant to Section 22–10–17.1. To our knowledge, the appeal has not been heard. After her discharge, Plaintiff obtained employment as a school principal elsewhere. Defendants' attempts to settle the dispute with Plaintiff proved unsuccessful. After Plaintiff appealed the district court's order dismissing her application for writ of mandamus to this Court, Defendants filed a motion to dismiss this appeal. In support of their motion, Defendants contend that Plaintiff failed to exhaust the administrative remedies provided in Section 22–10–17.1. Defendants also argue that their tender to Plaintiff of the total amount that she would be entitled to receive if she prevailed at arbitration renders this case moot.

## DISCUSSION

### Due Process Does Not Require an Impartial Decision Maker at a Pre-termination Hearing

■ {8} Plaintiff argues that the district court erred in quashing the alternative writ of mandamus because Defendants violated her constitutional and statutory rights to due process by failing to provide her with a pre-termination hearing before an impartial tribunal, as required by the Fourteenth Amendment to the U.S. Constitution and Section 22–10–17 of the Act. Plaintiff cites to several cases that discuss due process requirements in pre-termination hearings. While most of the cases cited have general language regarding the requirement of a neutral decision maker in some circumstances, none of the cases are based on facts similar to our case, nor do the cited cases involve the type of comprehensive post-termination procedure required under New Mexico law. Therefore, we find Plaintiff's argument unpersuasive.

■ {9} To determine if mandamus is warranted in this case, we determine if the law compels Defendants to provide the procedures sought by Plaintiff. Mandamus is appropriate "to compel the performance of an affirmative act by another where the duty to perform the act is clearly enjoined by law and where there is no other plain, speedy and adequate remedy in the ordinary course of law." *Lovato v. City of Albuquerque*, 106

N.M. 287, 289, 742 P.2d 499, 501 (1987). Whether Defendants acted properly and pursuant to the statute is a question of law. *See In re Adjustments to Franchise Fees,* 2000–NMSC–035, ¶ 7, 129 N.M. 787, 14 P.3d 525.

{10} The Fourteenth Amendment of the U.S. Constitution guarantees procedural due process in state proceedings. *Bd. of Educ. of Carlsbad Mun. Sch. v. Harrell,* 118 N.M. 470, 477, 882 P.2d 511, 518 (1994). Section 22–10–17, which applies to certified school personnel such as superintendents,[1] sets forth the procedures to be followed by the Board in conducting a pre-termination hearing. *See* Section 22–10–17; *Stanley v. Raton Bd. of Educ.,* 117 N.M. 717, 719–20, 876 P.2d 232, 234–35 (1994) (concluding that Section 22–10–17 applies to certified school personnel). In *Harrell,* our Supreme Court has already ruled that Section 22–10–17 provides for adequate pre-termination procedure, as required by *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), "by requiring that the employee receive notice of an intent to recommend discharge, as well as a hearing." *Harrell,* 118 N.M. at 478, 882 P.2d at 519.

{11} Because the Act's statutory framework provides for the opportunity to appeal the Board's decision to an independent arbitrator in a post-termination hearing, followed by meaningful district court review, due process does not require a neutral tribunal at the pre-termination stage. *See* § 22–10–17.1; *Loudermill,* 470 U.S. at 546; 105 S.Ct. 1487; *Harrell,* 118 N.M. at 478–79, 882 P.2d at 519–20. Considered together, the Act's pre- and post-termination procedures comport with due process requirements. *See id.* (discussing that under *Loudermill,* the adequacy of pre-termination procedures must be examined in light of available post-termination procedures); *In re Termination of Boespflug,* 114 N.M. 771, 774, 845 P.2d 865, 868 (Ct.App.1992) (stating that the existence and nature of post-termination proceedings affect the extent of the process due at a pre-termination hearing).

{12} Because the "statutory scheme provides adequate guarantees that an indepen-

dent, unbiased decisionmaker will be selected" in *post*-termination proceedings, Plaintiff's contention that due process requires that the right to an impartial tribunal attaches at the pre-termination stage of discharge proceedings is incorrect. *Harrell,* 118 N.M. at 479, 882 P.2d at 520. Defendants correctly followed the case law and statutes in place to provide adequate procedural safeguards to Plaintiff, and Plaintiff must proceed under the statutory framework.

**Plaintiff Did Not Exhaust Her Administrative Remedies**

{13} Plaintiff also argues that the district court erred in quashing the alternative writ of mandamus because Defendants violated the Act, and the regulations in place to enforce the Act, by failing to provide her, a certified school employee, with at least two work conferences prior to issuing a notice of intent to discharge as required by NMSA 1978, § 22–10–21 (1986) and 6.69.2.8 NMAC. *See Bd. of Educ. of Alamogordo Pub. Sch. Dist. v. Jennings,* 98 N.M. 602, 608–09, 651 P.2d 1037, 1043–44 (Ct.App.1982), *rev'd in part on other grounds by* 102 N.M. 762, 701 P.2d 361 (1985) (determining that Section 22–10–21 applies to all certified school personnel). Again, Plaintiff's argument has no merit.

{14} According to the statute and regulations, a written record of each conference must be kept to reflect the areas of *unsatisfactory work performance* and all actions taken by the local board to improve work performance. Section 22–10–21; 6.69.2.8 NMAC. Because unsatisfactory work performance, under 6.69.2.7(D) NMAC, does not include "insubordination or conduct deemed to be outside the normal scope of duties of licensed school personnel" and because the allegations in the notice to Plaintiff included acts of insubordination, dishonesty, misrepresentation, and intentional misconduct, Defendants argue that Plaintiff was not entitled to work conferences prior to the issuance of the notice of intent to discharge. *See Kleinberg v. Bd. of Educ. of Albuquerque Pub. Sch.,* 107

---

1. *See* NMSA 1978, § 22–10–3(a) (2000) (requiring administrators to be certified). Section 22–10–17 extends procedure to "certified personnel."

N.M. 38, 45, 751 P.2d 722, 729 (Ct.App.1988) (recognizing that "insubordination, conduct unbecoming a teacher, unprofessional conduct and open defiance of supervisory authority" are types of conduct exempted from the conference requirements).

{15} "Whether the conduct complained of is unsatisfactory work performance depends upon the particular facts." *Jennings*, 98 N.M. at 609, 651 P.2d at 1044 (internal quotation marks and citation omitted). The district court was correct not to rule on this issue and was correct in concluding that this was not a proper subject for consideration in a mandamus action, and that this factual issue should be determined by the fact finder in the course of proceedings set forth in the Act. *See id.* As we previously discussed, the pre-termination hearing was held in accordance with the law, and it was the proper place to argue factual disputes. Defendants found that the allegations against Plaintiff were based on her insubordination and willful misconduct, and therefore determined that no conferences were required. Whether the facts bear this out is now for the impartial arbitrator to decide. *See id.; Santa Fe Pub. Sch. v. Romero*, 2001–NMCA– 103, 131 N.M. 383, 37 P.3d 100. The district court was correct in dismissing the alternative writ of mandamus, and we affirm its order and decision. *See* NMSA 1978, § 44– 2–5 (1953) (stating that mandamus relief is not the proper remedy "where there is a plain, speedy and adequate remedy in the ordinary course of law"); *see also Shepard v. Bd. of Educ. of Jemez Springs Mun. Sch.*, 81 N.M. 585, 586, 470 P.2d 306, 307 (1970) ("Mandamus is a proper remedy only after a petitioner has exhausted such administrative remedies.").

### Plaintiff Is Not Required to Accept the Board's Settlement Offer

{16} In its motion to dismiss this appeal, Defendants argue that their tender to Plaintiff of the total amount that she would be entitled to receive if she prevailed at arbitration renders this case moot. (Our understanding is that at this point, Plaintiff has neither cashed Defendants' check nor returned it.) Defendants contend that under NMSA 1978, § 22–10–18(B) (1975), if a certified school employee's discharge is reversed on appeal, that employee is entitled only to be compensated for the amount of the unexpired term of the employment contract less an offset for any compensation received from any source during the period of the termination; the employee is not entitled to reinstatement. *See Jennings*, 102 N.M. at 765– 66, 701 P.2d at 364–65.

{17} Plaintiff is correct in asserting that she has a right to a fair hearing regarding her termination. Whether Plaintiff would only be entitled to the amount tendered in Defendants' "settlement" check is another issue of fact that we cannot determine here. As discussed above, Plaintiff has the right to pursue this matter by following the statutory procedures provided in the Act, and in doing so, factual issues will be determined in the proceeding before an independent arbitrator. Therefore, we decline to address issues not properly before us.

### CONCLUSION

{18} The district court properly quashed Plaintiff's application for alternative writ of mandamus because Defendants followed the proper statutory procedures, which afforded Plaintiff procedural due process. If Plaintiff wishes to contest her discharge, she must pursue her appeal through the administrative channels provided in the Act.

{19} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and CELIA FOY CASTILLO, Judges.