This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40398

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

and

**LEROY ARMIJO, DONTAY CARTER,
TYLER RILEY, ISAAC LISTER, and
JUSTIN GILES,**

Plaintiffs,

v.

**SECRETARY OF CORRECTIONS,
KEEFE CORPORATION, NEW MEXICO
CORRECTIONS DEPARTMENT,
CORRECTION INDUSTRIES, and
DIRECTOR OF CORRECTION
INDUSTRIES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan Biedscheid, District Court Judge**

Bryce Franklin
Las Cruces, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Appellant appeals from the district court's denial of Appellant's petition for writ of mandamus. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In the memorandum in opposition, Appellant argues that there is no other available plain, speedy and adequate remedy at law. [MIO PDF 7] Appellant asserts that "the nature of the parties and cause of action" preclude him from bringing a civil suit against Appellees. [MIO PDF 8] In support of this assertion, Appellant points to claims brought pursuant to the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2020), and 42 U.S.C. § 1983 that he believes are unavailable to him. [MIO PDS 8] That Appellant has identified two causes of action he believes are unavailable to him under these circumstances does not negate the fact that there are claims, other than a writ of mandamus, that provide an adequate remedy in the ordinary course of law and thereby preclude the district court's issuance of a writ of mandamus. *See generally* NMSA 1978, § 44-6-1 to -15 (1975) (Declaratory Judgment Act); NMSA 1978, § 44-2-5 (1953) ("The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law."). Moreover, despite Appellant having alleged Appellees were in breach of contract "as an alternative" ground for reversal in his docketing statement, we note that Appellant has failed to identify ways in which such a claim would be inadequate if brought as a civil claim in the ordinary course of law. [DS PDF 9] *See generally Shepard v. Bd. of Ed. of Jemez Springs Mun. Schs.*, 1970-NMSC-067, ¶ 4, 81 N.M. 585, 470 P.2d 306 ("Mandamus will not issue to enforce a contract, even though a legally enforceable contract exists, if there is an adequate remedy at law."); *State ex rel. State Highway Comm'n v. Clark*, 1968-NMSC-057, ¶ 13, 79 N.M. 29, 439 P.2d 547 ("Ordinarily, mandamus will not issue to enforce contract rights because there is another adequate remedy in the ordinary course of law, in the form of an action for damages." (internal quotation marks and citation omitted)).

**{3}**     Additionally, our proposed calendar notice analyzed the adequacy of an alternative remedy in the ordinary course of law according to the nature of the injury and impact of delay. [CN 2] Appellant has not, however, responded to our suggestion that the nature of the injury could be adequately remedied by an award of damages and that the impact of delays associated with other proceedings would not render moot the improper pricing practices that Appellant has alleged. [CN 2-3] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Appellant claims that any remedy at law other than mandamus would be inadequate because he seeks to compel prospective compliance with a policy, rather than solely seeking damages. [MIO PDF 7-8] Appellant does not, however, provide any authority to support his argument that mandamus is the only vehicle through which to enforce compliance with a legal duty. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we

may assume no such authority exists."). *See generally Am. Fed'n of State v. Bd. of Cnty. Comm'rs of Bernalillo Cnty.*, 2016-NMSC-017, ¶ 31, 373 P.3d 989 (acknowledging the existence of preenforcement review of declaratory judgment cases involving "the possibility of wholly prospective future injury, not a prayer for relief from damages already sustained" (internal quotation marks and citation omitted)). Appellant has therefore failed to demonstrate that the circumstances of this case are such that mandamus is warranted. *See State ex rel. Coll v. Johnson*, 1999-NMSC-036, ¶ 12, 128 N.M. 154, 990 P.2d 1277 ("Mandamus is a drastic remedy to be invoked only in extraordinary circumstances." (internal quotation marks and citation omitted)).

**{4}** Finally, Appellant also continues to argue that the district court erred in denying his petition for writ of mandamus because Appellees had a ministerial duty to perform an act, set forth in a policy that had the full force of law. [MIO PDF 2, 5] Appellant's argument in this regard restates the argument made in the docketing statement. [DS PDF 8] *See Mondragon*, 1988-NMCA-027, ¶ 10. Furthermore, based on the foregoing, we need not address whether the duty alleged was a ministerial duty or whether the policy in question had the "force of law" such that mandamus would be appropriate. *See* § 44-2-5.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**